# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:05CR00053 |
| v. | **OPINION** |
| **MARJIL LEE BERGARA,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Marjil Lee Bergara, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed two pleadings in this long-closed case, seeking relief from his convictions.[1] For the reasons stated, I find that each of Bergara's motions must be construed together as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), and dismissed as successive.

---

[1] Bergara styles one submission as "MOTION PURSUANT TO FEDERAL RULES OF EVIDENCE RULES 201(d), (e) AND (F) REQUESTING THIS COURT TO TAKE JUDICIAL NOTICE OF THE ADJUDICATIVE FACTS IN SUPPORT OF PETITIONER SUPPLEMENTAL JURISDICTION FOR RE-SENTENCING FORM UNCONSTITUTIONAL ENHANCEMENT PROVISION GUIDELINE PURSUANT TO AMBIGUOUS PLEA AGREEMENT CONTRACT." (ECF No. 121.) The other submission Bergara styles as "MOTION FOR WRIT OF CORAM NOBIS ON CONSTITUTIONAL RIGHTS AND EQUAL PROTECTION RIGHTS PURSUANT TO AMBIGUOUS PLEA AGREEMENT CONTRACT." (ECF No. 122.)

I

Marjil Bergara was charged in an eleven-count Superseding Indictment relating to a fraudulent scheme in which he conned a large amount of money from his victim. Pursuant to a written Plea Agreement, Bergara pleaded guilty on December 14, 2005, to Count Seven, which charged that he had engaged in monetary transactions involving property valued in excess of $10,000 derived from unlawful activity while on pretrial release, in violation of 18 U.S.C.A. § 1957 (West 2000) and 18 U.S.C.A. § 3147 (West Supp. 2011). The other counts were dismissed.

As part of the plea bargain, Bergara stipulated as follows: that he was guilty of the specific, criminal fraud offenses alleged in the other ten counts, which would be considered as relevant conduct for sentencing purposes; that he was subject to a maximum sentence of 240 months imprisonment and a fine of $250,000; that at a minimum, he was subject to sentence enhancements for amount of loss, obstruction of justice, and money laundering; that he must forfeit property and pay restitution; and that he gave up his right to appeal or to bring a § 2255 action.

Bergara also agreed that he was pleading guilty because he actually was guilty and because he believed the plea to be in his best interest. After careful questioning of the defendant, I accepted his guilty plea as knowing and voluntary. In sentencing Bergara on May 2, 2006, I departed upward from the advisory

guideline range and imposed a total term of 240 months in prison, consisting of 180 months on Count Seven and 60 months under § 3147. I also ordered Bergara to pay $285,000 in restitution.

Bergara noted an appeal, which the United States Court of Appeals for the Fourth Circuit dismissed.[2] In 2007, Bergara filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255. Among other things, Bergara argued that the 180-month sentence imposed upon him under § 1957 exceeded the maximum sentence authorized by that section. Finding this assertion to be correct, I granted relief as to this claim and entered an Amended Judgment reflecting that Bergara's sentence consists of 120 months under § 1957 and a consecutive 120 months under the enhancement provision of § 3147.[3]

Bergara filed a second § 2255 Motion on March 24, 2008. I denied relief, finding that Bergara's sentence did not exceed the statutory maximum and that his remaining claims were barred as successive under § 2255(h).[4]

---

[2] *United States v. Bergara*, No. 06-4495 (4th Cir. Sept. 15, 2006), *cert. denied*, 549 U.S. 1185 (2007).

[3] *See Bergara v. United States*, No. 7:07CV00071, 2007 WL 750547 (W.D. Va. Mar. 8, 2007), *judgment vacated by* 2007 WL 1097859 (W.D. Va. Apr 11, 2007), *and reconsideration denied by* 2007 WL 2572332 (W.D. Va. Sept. 6, 2007).

[4] *United States v. Bergara,* No 1:05CR00053, 2008 WL 5245392 (W.D. Va. Dec. 17, 2008), *appeal dismissed*, 332 F. App'x 150 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1560, *petition for rehearing denied*, 130 S. Ct. 3538 (2010).

Bergara is now again attempting to obtain collateral relief. He cites Rules 59 and 60(b) of the Federal Rules of Civil Procedure, Rule 201(d), (e), and (f), of the Federal Rules of Evidence, and the writ of coram nobis as authority for the court to revisit his conviction and sentence.[5]

II

The Federal Rules of Civil Procedure do not provide a vehicle by which a defendant may challenge his criminal judgment. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Therefore, Rules 59 and 60(b) provide no authority under which Bergara may seek relief directly from the criminal judgment. Similarly, I find no authority allowing a criminal defendant to use the Federal Rules of Evidence as a gateway to obtain judicial review of his conviction or sentence. I will deny Bergara's claims seeking relief from his conviction or sentence under these provisions.

---

[5] Bergara alleges the following grounds for relief: (1) that consideration of the dismissed counts for sentencing purposes constituted double jeopardy; (2) that the restitution imposed, the unconstitutional indictment, and the ambiguous plea contract constituted double jeopardy; (3) that he suffered violations of his rights under the First, Fifth, Sixth, and Fourteenth Amendments; and (4) that his attorney provided ineffective assistance by failing to review the "actual charges" in Count Seven and by operating under a conflict of interest.

## III

The writ of coram nobis, along with other common law writs, was specifically abolished in federal civil actions by amendments to Federal Rule of Civil Procedure Rule 60, effective in 1948. The Supreme Court has recognized, however, that the ancient writ of coram nobis is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C.A. § 1651(a) (West 2006). *See United States v. Morgan*, 346 U.S. 502, 511 (1954). The writ of coram nobis was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal citation omitted).

The writ of coram nobis is not available to a defendant to raise claims that were or could have been raised through other remedies, such as a motion for new trial or a motion to vacate sentence under § 2255. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). If a defendant wishes to collaterally challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255, in the court in which he was convicted. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the

inmate obtains certification from the court of appeals to pursue a second § 2255. 28 U.S.C.A. § 2255(h).[6] In rare circumstances, when § 2255 is "inadequate or ineffective to test the legality of . . . detention," *In re Jones*, 226 F.3d at 333 (internal quotation marks and citation omitted), a federal inmate may challenge the fact of his confinement through some other judicial remedy. *See* § 2255(e) (often referred to as "the savings clause" of § 2255).

The fact that a defendant did not achieve the outcome he desired in a § 2255 proceeding or would now be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. *See, e.g., In re Jones*, 226 F.3d at 333. The Fourth Circuit has recognized one set of circumstances in which § 2255 is inadequate and ineffective to test the legality of a conviction, as follows:

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-334.

---

[6] The court of appeals may certify a successive § 2255 motion for consideration by the district court if the claims are based on newly discovered evidence or on a "new rule of constitutional law" decided by the Supreme Court and made retroactive to cases on collateral review. 28 U.S.C.A. § 2255(h).

The claims that Bergara seeks to pursue in his current submissions are, without exception, the type of claims that could have been raised on his direct appeal or in his initial § 2255 motion. Bergara's inability to obtain relief through these past proceedings, however, does not render § 2255 an ineffective or inadequate remedy so as to open the door for his claims to be cognizable under coram nobis or any other extraordinary writ. Bergara points to no change in law that has occurred since his initial § 2255 proceedings that decriminalized the conduct for which he stands convicted. Accordingly, he fails to demonstrate that his current claims fall under the "savings clause" of § 2255(e), *Id.*, so as to allow him to proceed with an extraordinary writ under § 1651.

Because Bergara may not proceed with his claims through any extraordinary writ under § 1651(a), I construe his claims as a § 2255 motion. Since Bergara has already taken his bite of the § 2255 apple, however, his current motion is a second or successive one under § 2255(h). Bergara offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I must dismiss his motion as successive.

A separate Final Order will be entered herewith.

DATED: April 3, 2012

/s/ James P. Jones
United States District Judge